UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| BRIAN ALLEN, | Case No.  3:13-cv-00423-MMD-VPC |
| Petitioner, | ORDER |
| v. | |
| ROBERT LEGRAND, *et al.,* | |
| Respondents. | |

Petitioner Brian Allen's application to proceed *in forma pauperis* was denied and he was ordered to pay the $5 filing fee no later than September 12, 2013.  That date passed and no evidence was filed to show the fee was paid.  Thereafter, the Court dismissed the action without prejudice for failing to pay the fee.  (Dkt. no. 4.)  Petitioner now moves the Court to reconsider the dismissal (dkt. no. 7) and provides evidence that the fee was paid. *Id.* Good cause appearing, the Court will vacate the Order and Judgment dismissing the case and will direct that it be served upon respondents.

A petition for federal habeas corpus should include all claims for relief of which petitioner is aware. If petitioner fails to include such a claim in his petition, he may be forever barred from seeking federal habeas relief upon that claim. *See* 28 U.S.C. §2254(b) (successive petitions). If petitioner is aware of any claim not included in his petition, he should notify the Court of that as soon as possible, perhaps by means of a motion to amend his petition to add the claim.

1   The petitioner also submitted a motion for appointment of counsel. (Dkt. no. 1-2.)
2   There is no constitutional right to appointed counsel for a federal habeas corpus
3   proceeding. *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987); *Bonin v. Vasquez*, 999
4   F.2d 425, 428 (9th Cir. 1993). The decision to appoint counsel is generally
5   discretionary. *Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986), *cert. denied*, 481
6   U.S. 1023 (1987); *Bashor v. Risley*, 730 F.2d 1228, 1234 (9th Cir.), *cert. denied*, 469
7   U.S. 838 (1984). However, counsel must be appointed if the complexities of the case
8   are such that denial of counsel would amount to a denial of due process, and where the
9   petitioner is a person of such limited education as to be incapable of fairly presenting his
10  claims. *See Chaney*, 801 F.2d at 1196; *see also Hawkins v. Bennett*, 423 F.2d 948 (8th
11  Cir. 1970). The claims in this case are not especially complex. Also, the Court notes
12  from the petition, and from the other documents that petitioner has submitted to the
13  Court, that petitioner is able to present matters to the Court in an organized and
14  understandable manner. Petitioner's motion shall be denied.

15      It is therefore ordered that the Order of dismissal and judgment entered in this
16  case are vacated. The Clerk shall reopen the file and shall detach and file the motion for
17  appointment of counsel (dkt no. 1-2), which is denied.

18      It is further ordered that the Clerk shall electronically serve the petition (dkt. no.
19  5) upon the respondents.

20      It is further ordered that respondents shall have forty-five (45) days from entry of
21  this order within which to answer, or otherwise respond to, the petition. In their answer
22  or other response, respondents shall address any claims presented by petitioner in his
23  petition as well as any claims presented by petitioner in any Statement of Additional
24  Claims. Respondents shall raise all potential affirmative defenses in the initial
25  responsive pleading, including lack of exhaustion and procedural default. Successive
26  motions to dismiss will not be entertained. If an answer is filed, respondents shall
27  comply with the requirements of Rule 5 of the Rules Governing Proceedings in the
28  ///

1    United States District Courts under 28 U.S.C. §2254.  If an answer is filed, petitioner
2    shall have forty-five (45) days from the date of service of the answer to file a reply.

3          It is further ordered that, henceforth, petitioner shall serve upon the Attorney
4    General of the State of Nevada a copy of every pleading, motion, or other document he
5    submits for consideration by the Court. Petitioner shall include with the original paper
6    submitted for filing a certificate stating the date that a true and correct copy of the
7    document was mailed to the Attorney General. The Court may disregard any paper that
8    does not include a certificate of service. After respondents appear in this action,
9    petitioner shall make such service upon the particular Deputy Attorney General
10   assigned to the case.

11         It further is ordered that any state court record exhibits filed by respondents
12   herein shall be filed with a separate index of exhibits identifying the exhibits by number
13   or letter. The CM/ECF attachments that are filed shall further be identified by the
14   number or numbers (or letter or letters) of the exhibits in the attachment.  The hard copy
15   of any additional state court record exhibits shall be forwarded – for this case – to the
16   staff attorneys in Reno.

17         DATED THIS 18th day of October 2013.

18
19
20         MIRANDA M. DU
      UNITED STATES DISTRICT JUDGE
21
22
23
24
25
26
27
28