UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| BRIAN ALLEN,<br><br>　　　　　　Petitioner,<br>　　v.<br><br>ROBERT LEGRAND, *et al.,*<br><br>　　　　　　Respondents. | Case No.  3:13-cv-00423-MMD-VPC<br><br>ORDER |

Before the Court are the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (dkt. no. 5) and respondents' motion to dismiss (dkt. no. 17). Petitioner has not responded to the motion to dismiss, and, therefore, he consents to the Court granting it. LR 7-2(d). The Court finds that the petition is untimely and procedurally defaulted, and the Court grants the motion.

**I.  PROCEDURAL HISTORY**

In the Second Judicial District Court of the State of Nevada, petitioner was charged with first-degree murder with the use of a deadly weapon and robbery with the use of a deadly weapon. (Exh. 5 (dkt. no. 18).)  At the time of the offense, petitioner was a minor. The prosecution sought the death penalty. (Exh. 9 (dkt. no. 18).) On October 11, 1999, Petitioner pleaded guilty to both offenses; there was no plea agreement. (Exh. 131 (dkt. no. 22).) A three-judge panel of the state district court held a penalty hearing. (Exh. 133 (dkt. no. 22).) The panel sentenced petitioner to life imprisonment without the possibility of parole for first-degree murder and an equal and consecutive term for committing the murder with a deadly weapon. The panel also

sentenced petitioner to prison for a maximum term of one hundred eighty (180) months and a minimum term of seventy-two (72) months for robbery and an equal and consecutive term for committing the robbery with a deadly weapon. Furthermore, the sentences on the robbery count run consecutively to the sentences for the murder count. Judgment was entered on November 8, 1999. (Exh. 134 (dkt. no. 22).) Petitioner did not file a direct appeal of the judgment of conviction.

On March 4, 2002, petitioner filed in state district court his first post-conviction habeas corpus petition. (Exh. 151 (dkt. no. 23).) The state district court dismissed the petition because it was untimely pursuant to Nev. Rev. Stat. § 34.726(1). (Exh. 168 (dkt. no. 23).) Petitioner appealed. On October 7, 2003, the Nevada Supreme Court affirmed, agreeing with the state district court that the petition was untimely. (Exh. 180 (dkt. no. 24).) Remittitur issued on November 4, 2003. (Exh. 181 (dkt. no. 24).)

On October 11, 2004, petitioner filed in state district court his second post-conviction habeas corpus petition. (Exh. 182 (dkt. no. 24).) On December 2, 2004, the state district court dismissed the petition. (Exh. 183 (dkt. no. 24).) Petitioner did not appeal.

On October 28, 2004, this Court received from petitioner a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, Case No. 3:04-cv-00620-LRH-VPC. The Court directed petitioner to pay the filing fee of five dollars ($5.00). The Court dismissed the action because petitioner did not pay the filing fee within the allotted time. Petitioner did not appeal.

On February 15, 2012, petitioner filed in state district court his third post-conviction habeas corpus petition. (Exh. 187 (dkt. no. 24).) The state district court dismissed the petition because it was untimely pursuant to Nev. Rev. Stat. § 34.726(1). (Exh. 191 (dkt. no. 25).) Petitioner appealed. On June 12, 2013, the Nevada Supreme Court affirmed. It held that the petition was untimely pursuant to Nev. Rev. Stat. § 34.726(1). It also held that the petition was an abuse of the writ pursuant to Nev. Rev. Stat. § 34.810(2) because it raised claims that were new and different from the claims

that he had raised in his earlier state habeas corpus petitions. (Exh. 202 (dkt. no. 25).) Remittitur issued on July 8, 2013.  (Exh. 203 (dkt. no. 25).)

On January 29, 2013, petitioner filed in state district court his fourth post-conviction habeas corpus petition; his appeal from the dismissal of his third state habeas corpus petition was pending at the time. (Exh. 201 (dkt. no. 25).) The state district court denied the petition on October 29, 2013, holding that the petition was untimely pursuant to Nev. Rev. Stat. § 34.726. (Exh. 207 (dkt.no. 25).) The Court now takes judicial notice of the docket of the Nevada Supreme Court in *Allen v. State*, No. 64471.[1] Petitioner appealed the dismissal. On April 10, 2014, the Nevada Supreme Court affirmed. It held that the petition was untimely pursuant to Nev. Rev. Stat. § 34.726(1). It also held that the petition was an abuse of the writ pursuant to Nev. Rev. Stat. § 34.810(2) because it raised claims that were new and different from the claims that he had raised in his earlier state habeas corpus petitions. Remittitur issued on May 7, 2014.

Petitioner mailed the current federal habeas corpus petition to this court on August 5, 2013.

## II. STATUTE OF LIMITATIONS

Congress has limited the time in which a person can petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

---

[1] http://caseinfo.nvsupremecourt.us/public/caseView.do?csIID=32658 (report generated August 18, 2014).

3

      (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). If the judgment is not appealed, then it becomes final thirty days after entry, when the time to appeal to the Nevada Supreme Court has expired. *See Gonzalez v. Thaler*, 132 S. Ct. 641, 653-54 (2012). *See also* Nev. R. App. P. 4(b), 26(a). Any time spent pursuing a properly filed application for state post-conviction review or other collateral review does not count toward this one-year limitation period. 28 U.S.C. § 2244(d)(2). An untimely state post-conviction petition is not "properly filed" and does not toll the period of limitation. *Pace v. DiGuglielmo*, 544 U.S. 408, 417 (2005). A prior federal habeas corpus petition does not toll the period of limitation. *Duncan v. Walker*, 533 U.S. 167, 181-82 (2001). The petitioner effectively files a federal petition when he mails it to the court. *Stillman v. Lamarque*, 319 F.3d 1199, 1201 (9th Cir. 2003).

      The issue before the Court is when the one-year period started. If the period started when petitioner's judgment became final, then the petition is untimely. Petitioner's judgment of conviction became final on December 8, 1999, when the time to appeal the judgment expired. The one-year period expired on December 8, 2000. Most of petitioner's post-conviction petitions filed in state court were untimely and thus ineligible for statutory tolling under 28 U.S.C. § 2244(d)(2). Petitioner's first federal habeas corpus petition was ineligible for statutory tolling under § 2244(d)(2). Even if the state petitions were eligible for tolling, the one-year period already had expired, and there was no time left to be tolled. *Jiminez v. Rice*, 276 F.3d 478, 482 (9th Cir. 2001).

      Although petitioner did not file a response to the motion to dismiss, the Court considers the possibility that the period of limitation started upon retroactive application of a constitutional right newly recognized by the Supreme Court of the United States. *See* 28 U.S.C. § 2244(d)(1)(C). The Supreme Court has held that the Constitution prohibits juvenile offender being sentenced to life imprisonment without the possibility of parole for *non-homicide* offenses. *Graham v. Florida*, 560 U.S. 48, 82 (2010). The Court

4

of Appeals for the Ninth Circuit has held that *Graham* applies retroactively. *Moore v. Biter*, 725 F.3d 1184, 1190 (9th Cir. 2013). The Supreme Court also has held that a juvenile offender cannot receive a *mandatory* sentence of life imprisonment without the possibility of parole. *Miller v. Alabama*, 132 S. Ct. 2455, 2474 (2012). The court of appeals has not determined whether *Miller* applies retroactively. *Bell v. Uribe*, 748 F.3d 857, 869 n.6 (9th Cir. 2014). For two reasons, § 2244(d)(1)(C) does not help petitioner.

First, neither *Graham* nor *Miller* is applicable to petitioner. Petitioner was convicted of a homicide offense. Additionally, the sentencing statute gave three sentencing options to the three-judge panel: Death, life imprisonment without the possibility of parole, and life imprisonment with the possibility of parole. Nev. Rev. Stat. § 175.554(2)(c) (1999). Life imprisonment without the possibility of parole was not mandated by law. The panel held a hearing with testimony from multiple witnesses and arguments by opposing counsel about what sentence the panel should impose. The prosecution asked for death, and the defense asked for life imprisonment with the possibility of parole. The panel decided to impose life imprisonment without the possibility of parole. Nothing in the transcript of the penalty hearing indicates that the panel thought that the sentence it imposed was mandatory. (*See* Exh. 133 (dkt. no. 22).) Because these decisions are inapplicable to petitioner, § 2244(d)(1)(C) is inapplicable to petitioner.

Second, even if *Graham* and *Miller* were applicable to petitioner, and even if they both had retroactive effect, the petition still would be untimely. When § 2244(d)(1)(C) applies, the start date of the one-year period is the date that the Supreme Court initially recognizes the new constitutional right, not the date that that right is determined to apply retroactively. *Dodd v. United States*, 545 U.S. 353, 357 (2005) (construing parallel provision in 28 U.S.C. § 2255). *Graham* was decided on May 17, 2010. *Miller* was decided on June 25, 2012. Petitioner mailed his federal habeas corpus petition to this Court on August 5, 2013, more than three (3) years after the *Graham* decision and more than a year after the *Miller* decision. Even if these decisions applied retroactively and

applied to petitioner, the respective one-year periods of § 2244(d)(1)(C) expired before petitioner mailed his petition.

Regardless of the date that the one-year period started, the petition is untimely.

## III.  PROCEDURAL DEFAULT

In the alternative, respondents argue that the two grounds in the petition are procedurally defaulted. The Court will not address these arguments because the Court has determined that the petition is untimely.

## IV.  CERTIFICATE OF APPEALABILITY

To appeal the denial of a petition for a writ of habeas corpus, Petitioner must obtain a certificate of appealability, after making a "substantial showing of the denial of a constitutional right." 28 U.S.C. §2253(c).

> Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy §2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. The issue becomes somewhat more complicated where, as here, the district court dismisses the petition based on procedural grounds. We hold as follows: When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

*Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also James v. Giles*, 221 F.3d 1074, 1077-79 (9th Cir. 2000). The Court concludes that reasonable jurists would not find debatable or wrong this Court's determination that the petition is untimely.

It is therefore ordered that respondents' motion to dismiss (dkt. no. 17) is granted. This action is dismissed with prejudice because it is untimely. The Clerk of the Court shall enter judgment accordingly.

It is further ordered that a certificate of appealability is denied.

DATED THIS 20th day of August 2014.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE